Dieter C. Dammeier SBN 188759
dietercdammeier@gmail.com
**DAMMEIER LAW FIRM**
8780 19th Street, #181
Rancho Cucamonga, CA 91701
Telephone: (909) 240-9525
Facsimile: (909) 948-3779

Attorneys for Plaintiff
DANNY AMADOR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY AMADOR,<br><br>                    Plaintiff,<br>vs.<br><br>COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** (*29 U.S.C. § §201 et. seq.*) *and* **FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT** (29 USC § 2615 and 29 CFR § 825.220)<br><br>**REQUEST FOR JURY TRIAL** |

## JURISDICTION

1.   This Court is bestowed with subject matter jurisdiction pursuant to 28 USC § 1331 (Federal Question) and 1343 (a) (3), 28 USC § 1337, as the controversy arises under the "Constitution, laws or treaties of the United States," specifically under the Fair Labor Standards Act (FLSA), at 29 USC § 201 et seq. Jurisdiction of this action is further conferred upon this Court by 29 U.S.C. §216(b). This Court has authority for the relief sought in this case pursuant to 28 U.S.C. §§2201 and 2202, 29 USC § 216.

## VENUE

2. Venue is proper in the Central District of California, 28 USC 1391, in that the wrongs alleged, acts, events or omissions herein occurred within the County of Los Angeles, within the Central District.

## PARTIES

3. Plaintiff DANNY AMADOR is an employee of the County of Los Angeles. Specifically, the Plaintiff is a deputy sheriff working within the Los Angeles County Sheriffs Department.

4. Defendant County of Los Angeles ("County" or "Defendant") is a local government entity operating under the laws of the State of California. The Los Angeles County Sheriffs Department is an operating department within the County.

5. Defendant is an employer engaged in commerce as defined within the meaning of 29 USC § 207 (a), and as defined in 29 USC U.S.C. § 203(d), 203 (e)(2)(c) and a public agency within 29 U.S.C. § 203(x). The Defendant at all relevant times has been aware of the provisions of the FLSA. The Defendant is an enterprise, as defined by 29 U.S.C. §203(r).

6. Defendant is an "employer" as defined in the FMLA within the meaning of 29 U.S.C. §2611(4).

## CLAIMS FOR RELIEF

7. Plaintiff is and has been employed as a deputy sheriff in and for the County of Los Angeles since November 6, 2006. Plaintiff began his career like most deputies, assigned to the Custody Division within the Sheriff's Department.

# COUNT ONE

## Violation of FLSA (29 USC § 207)

8. In preparation for being assigned to the Patrol Division, Plaintiff, between February 15, 2013 and December 31, 2014 participated in approximately six "ride-a-longs" where Plaintiff accompanied a patrol deputy sheriff for a shift to learn the operations of the patrol function within the Sheriff's Department.

9. Plaintiff was encouraged by supervisors to participate in these "ride-a-longs" and understood that he had a better chance of being allowed by supervisors to pass the required patrol training if he participated in these "ride-a-longs."

10. Although supervisors were clearly aware of these "ride-a-longs," at no point was Plaintiff provided overtime compensation for participating in the "ride-a-longs." To the contrary, the unwritten rule within the Sheriff's Department is that deputies are not provided overtime compensation for these "ride-a-longs."

11. These "ride-a-longs" were to the benefit of the County in that Plaintiff received training and other information on these "ride-a-longs" that would be used by Plaintiff in his duties as a deputy sheriff. The County also received a benefit in that the "ride-a-longs" provided an additional armed deputy sheriff patrolling the County. Plaintiff also provided work for the County by gathering information from the public on calls for services, inputting data in the patrol unit computer and writing official reports.

12. Plaintiff also attended Patrol School put on by the Sheriff's Department for a two week period in July of 2013. Plaintiff, was given assignments and tasks that required him to work approximately two hours each day beyond the regularly scheduled 40 hour (8 hours each day) per week training class. Plaintiff's supervisors at the training were aware of the extra time put in by the Plaintiff and others but did not provide overtime compensation for this extra work

done on off hours.  The Plaintiff and other deputies had the understanding that they would be treated in a negative fashion should they even request overtime pay.

13.    While assigned to Carson Station for patrol training in October, 2014, Plaintiff was assigned to work with another deputy sheriff to further learn the patrol function.  Plaintiff and others in his position were told and understood that if they want to make it passed this phase of training, they would not put in for overtime compensation.

14.    Realizing this unwritten rule, supervisors would provide extra work, such as criminal investigations and crime reports that would require Plaintiff to work two to five hours passed his assigned shift.  Supervisors, responsible for processing overtime were aware Plaintiff worked these extra hours but at no time provided Plaintiff overtime compensation for these extra hours.

15.    Plaintiff brings this action to recover unpaid overtime and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended at 29 U.S.C. §§201-219; and for damages and other relief per 29 U.S.C. §216.

16.    Plaintiff is entitled under the FLSA to overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of the maximum hours provided in 29 U.S.C. §207.

17.    The Plaintiff has, during the applicable statutory time periods, worked in excess of the statutory maximum number of hours provided for in 29 U.S.C. §207, without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which they were employed.

18.    Defendant is liable to Plaintiff in the amount of his unpaid or underpaid compensation and an additional equal amount as liquidated damages, and for reasonable attorney fees, together with the cost and disbursements of this action.

19.   The failure by Defendant to properly pay compensation to Plaintiff is a knowing, willful or reckless violation of 29 U.S.C. § 206 and 207 within the meaning of 29 U.S.C. § 255(a).

20.   Therefore, Plaintiff is entitled to the unpaid compensation and liquidated damages owed to him and other relief available under the Act, as provided by 29 U.S.C. §§ 216(b) and 255.

21.   The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of the Defendant, and Plaintiff is unable to state precisely at this time the exact amounts owing to him.  The Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to each Plaintiff from which some of the amounts of Defendant's liability can be ascertained.

22.   Defendant has therefore violated 29 U.S.C. §207.  Such violations are redressable by Plaintiff as an affected employee under 29 U.S.C. § 216(b).

## COUNT TWO
### Violations of FMLA (29 USC § 105)

23.   In approximately August of 2013, Plaintiff was assigned to begin patrol training at Carson Station.  Plaintiff had put in for this assignment and had worked the Custody Division for six years waiting for a chance to get transferred to patrol.

24.   During this same time period, Plaintiff's wife was pregnant and was receiving enhanced care due to her prior history of cancer.

25.   Shortly after being assigned to Carson Station, Plaintiff informed his supervisor, Master Field Training Officer Frank Lobato of his wife's situation and that he would be scheduling some time off, as allowed under the Family and Medical Leave Act (FMLA).  Lobato told Plaintiff words to the effect of "that

would not be a good idea" and explained to him that another deputy that worked at the same station had taken FMLA time off and that "they questioned why that deputy took that time off." Lobato went on telling Plaintiff words to the effect of "Who takes that much time off for FMLA" and "What do you do during that time." Finally, Lobato told Plaintiff words to the effect of "just go back to work the jail and take the FMLA there."

26. Plaintiff, having to decide between his wife's health and his job assignment, transferred back to the Custody Division. As a result of not working his patrol assignment, Plaintiff lost compensation in the form of higher pay and overtime compensation.

27. While back at Custody Division, Plaintiff took FMLA leave, commencing February 9, 2014. As approaching use of his eleventh week for leave, Plaintiff's requested to use his final and twelfth week of FMLA leave. Plaintiff desired this time to continue to bond with his child and assist his wife who was scheduled for a procedure during that same week. Upon contacting the Scheduling Deputy, Thomas Fertal, Plaintiff was told by Fertal words to the effect of, "no you can't have the final week off, you have been off for too long, you need to come back to work, you are done." Fertal also told Plaintiff that Sheriff's Lieutenant Kelly Adler was upset that Plaintiff had the eleven weeks of FMLA Leave and he needed to get back to work.

28. After contacting his union for assistance, Plaintiff again contacted Scheduling Deputy Fertal, making the same request for the final twelfth week of FMLA Leave. Fertal told Plaintiff "You are a very difficult person." Plaintiff became emotional and explained the situation with his wife and baby. Fertal finally relented and granted the week of FMLA Leave.

29. Plaintiff was later contacted and told to produce a note from the Doctor to verify his Wife's procedure taking place that week or the FMLA Leave would not be allowed. Plaintiff produced the Doctor's note.

COMPLAINT FOR DAMAGES

30. In doing the things alleged herein, Defendant discriminated against Plaintiff for exercising his rights under the FMLA in violation 29 USC § 2615 and 29 CFR § 825.220.

31. In doing the things alleged herein, Defendant discouraged Plaintiff from exercising his rights under the FMLA, in violation of 29 USC § 2615 and 29 CFR § 825.220.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests from the Court the following relief:

As to Count One;
- (a) An order for a complete and accurate accounting of all the compensation to which each Plaintiff is entitled;
- (b) Judgment entered against the Defendant awarding Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, and unpaid overtime plus pre- and post-judgment interest;
- (c) Reasonable attorney's fees;
- (d) The costs incurred by Plaintiff in this action; and
- (e) Further relief as the Court deems proper.

As to Count Two;
- (a). Judgment entered against the Defendant awarding Plaintiff monetary damages for lost compensation and an equal amount of liquidated damages;
- (b) An injunction prohibiting Defendant from discriminating for or discouraging Plaintiff from exercising his rights under the FMLA.
- (c) Reasonable attorney's fees; and
- (d) The costs incurred by Plaintiff in this action; and
- (e) Further relief as the Court deems proper.

Dated: February 5, 2015            Respectfully submitted,

DAMMEIER LAW FIRM

*[signature]*

Dieter C. Dammeier
*Attorney for Plaintiff*
DANNY AMADOR

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 3.4.10.1.

Dated: February 5, 2014            DAMMEIER LAW FIRM

*[signature]*

Dieter C. Dammeier,
*Attorney for Plaintiff,*
DANNY AMADOR